**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
NORMAN RIJO,

                         Appellant,

            -against-

JPMORGAN CHASE BANK, N.A.,

                         Appellee.
----------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
12-cv-2922 (ADS)

**APPEARANCES:**

**Lester & Associates, P.C.**
*Attorneys for the Appellant*
600 Old Country Road
Suite 229
Garden City, New York 11530
    By:    Roy J. Lester, Esq., Of Counsel

**Helfand & Helfand**
*Attorneys for the Appellee*
350 Fifth Avenue
Suite 2826
New York, New York 10118
    By:    Andrew B. Helfand, Esq., Of Counsel

**SPATT, District Judge.**

This appeal arises from an April 16, 2012 Decision (the "Decision") by the Bankruptcy Court for the Eastern District Court of New York (the "Bankruptcy Court"), which denied the motion by Norman Rijo ("Rijo" or the "Appellant") to vacate the Bankruptcy Court's Order of June 11, 2010, granting a default judgment against the Appellant and in favor of JPMorgan Chase Bank, N.A. ("Chase" or "the Appellee"). For the reasons set forth below, the Court finds that the Bankruptcy Court's determination was not erroneous and the Court affirms the denial of Rijo's motion to vacate.

1

# I. BACKGROUND

On June 23, 2009, Rijo filed a voluntary Chapter 7 petition. Also on June 23, 2009, Rijo's business NCI Construction, Inc., ("NCI") filed a voluntary Chapter 7 petition.

On August 26, 2009, Chase filed a motion pursuant to Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.") 2004 to examine Rijo and review the documents with regard to a 2007 loan made by Chase to NCI, and guaranteed by Rijo and his business partner, Andrew DiMarco ("DiMarco"). Chase alleged that there had been material misstatements in the loan application and that Rijo had diverted millions of dollars from NCI. On October 20, 2009, the Bankruptcy Court granted Chase's Rule 2004 motion to examine Rijo and review the documents relating to the 2007 loan. On November 20, 2009, Chase deposed Rijo. However, Chase alleges that Rijo did not provide the requested documents. Chase alleges that, despite repeated requests and a court order, Rijo never provided them with the requested documentation.

On November 25, 2009, Chase filed a complaint with the Bankruptcy Court objecting to the dischargeability of its debt. Chase alleged that Rijo and NCI fraudulently obtained the loan by providing false financial information in the loan application. On December 23, 2009, Rijo filed an answer with counterclaims, denying the allegations in the complaint and making a demand for fees, costs, and attorney's fees.

On March 15, 2010, Macco & Stern, LLP ("Macco & Stern"), Rijo's then attorneys, moved to withdraw as counsel. On March 30, 2010, Chase filed a motion for an order to strike Rijo's answer and counterclaims and enter a default judgment in favor of Chase due to Rijo's failure to comply with the Bankruptcy Court's orders, or, alternatively, to compel Rijo to comply with discovery.

On April 28, 2012, United States Bankruptcy Judge Robert E. Grossman held a hearing on both the motion to strike and the motion to withdraw as counsel. Macco & Stern appeared as Rijo's counsel, but Rijo himself did not appear. Macco & Stern informed Judge Grossman that they had attempted to contact Rijo several times; that Rijo had not been cooperative; and that Rijo was inclined to default in the adversary proceeding. Judge Grossman gave Rijo "one last chance" to appear and ordered Rijo to produce the requested documents; appear for examination pursuant to the Rule 2004 Order; and appear at a hearing on June 7, 2010. Rijo did not appear at the June 7th hearing, and Rijo's counsel advised Judge Grossman that Rijo wished to default in the adversary proceeding between himself and Chase. The Bankruptcy Court granted Chase's motion to strike Rijo's answer and counterclaims. On June 11, 2010, Judge Grossman entered an Order striking Rijo's answer and counterclaims, thereby entering a default against Rijo, and granted Chase a non-dischargeable judgment against the Debtor in the amount of $336,348.22. On June 13, 2010, Rijo was served with a notice of entry of the Bankruptcy Court's. Rijo did not appeal from the Order and it became final on or about June 25, 2010.

On June 10, 2011, Rijo filed a motion to vacate the Bankruptcy Court's Order pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 60(b). On April 16, 2012, Judge Grossman denied Rijo's motion to vacate. On April 26, 2012, Rijo filed the present appeal to this Court. The Appellant raises the following issues: (1) did the Bankruptcy Court err in not finding sufficient cause to vacate its prior Order dated June 11, 2010, both in light of the record and the Supreme Court's decision in Stern v. Marshall, ___U.S. ____, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011); and (2) whether the Court erred in entering a sum certain default judgment without an inquest.

## II. DISCUSSION

### A. Legal Standard

United States district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. Fed. R. Bankr. P. 8013. The standard of review in a bankruptcy appeal is plenary. In re MarketXT Holdings Corp., 346 Fed App'x 744, 745 (2d Cir. 2009). The reviewing court "review[s] the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous, but reviewing its conclusions of law de novo." Ball v. A.O. Smith Corp., 451 F.3d 66, 69 (2d Cir. 2006). "On appeal, a district court 'may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.'" Eton Centers, Co. v. McNally (In re McNally), No. 02-CV-85, 2003 U.S. Dist. LEXIS 25856, at *3 (S.D.N.Y. June 2, 2003) (citing Fed. R. Bankr. P. 8013).

A decision to vacate a judgment under Fed R. Civ. P. 60(b) ("Rule 60(b)") is within the sound discretion of the bankruptcy court, and such a ruling is reviewed under the abuse of discretion standard. In re Barquet Group, Inc., No. 12-CV-8001, 2012 WL 6582367, at *2 (S.D.N.Y. December 17, 2012) ("It is well established, however, that a bankruptcy court's decision on a motion to vacate a prior judgment or order is reviewed only for an abuse of discretion.") (citing Olsen v. 419 Apartment Corporation, No. 06-CV-4004, 2008 WL 4298586, at *2 (S.D.N.Y. Sept.19, 2008)); In re Blaise, 219 B.R. 946, 949–50 (2d Cir. BAP 1998) (citation omitted); Altman v. Connally, 456 F.2d 1114 (2d Cir. 1972) (applying the abuse of discretion standard to appeal from a decision on a motion to vacate or amend a judgment).

### B. Following Stern v. Marshall as to the Bankruptcy Court's Authority to Issue a Sum Certain Default Judgment

As the first ground for the present appeal, the Appellant asserts that the Bankruptcy Court lacked the authority to issue a sum certain default judgment, based on the Supreme Court's

recent decision in Stern v. Marshall. ___U.S. ____, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011). In Stern, the Supreme Court ruled that "a bankruptcy court does not have the constitutional authority to issue a final judgment on claims not necessarily determined as part of the process of allowing or disallowing proofs of claim." Picard v. Estate of Madoff, 464 B.R. 578, 585 (S.D.N.Y. 2011) (citing Stern, 131 S.Ct. at 2618). "The Bankruptcy Court is constitutionally barred from finally adjudicating a claim, notwithstanding its designation as core, if "(1) the counterclaim would not be resolved by adjudication of the creditor's proof of claim; (2) the counterclaim was 'not completely dependent upon adjudication of a claim created by federal law'; and (3) the creditor 'did not truly consent' to resolution in bankruptcy court." In re Arbco Capital Management, LLP, 479 B.R. 254, 261 (S.D.N.Y. 2012) (citing Stern, 131 S.Ct. at 2608, 2617, 2614; Adelphia Recovery Trust v. FLP Group, Inc., No. 11-CV-6847, 2012 WL 264180, at *2 (S.D.N.Y. Jan. 30, 2012)). If the claim involves public rights or will be resolved by ruling on the proof of claim, or if the parties consent, the bankruptcy court will have constitutional authority over the claim. Development Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP, 462 B.R. 457, 467 (S.D.N.Y. 2011) ("[A]fter Stern, th[e] power [of the Bankruptcy Court to enter final adjudications] depends, not on whether the matters are core or non-core, but on whether the rights being adjudicated (1) are public rights, or (2) will necessarily be resolved in ruling on a creditor's proof of claim - or, of course, on the parties unanimously consenting to bankruptcy court adjudication.").

The Court need not consider whether the claim would be resolved in the course of ruling on the creditor's proof of claim, or whether the claim involves public or private rights, as the parties in the instant case have clearly consented to the Bankruptcy Court's jurisdiction. At the hearing held by the Bankruptcy Court on June 7, 2010, the Appellant, through his counsel, not

5

only consented to the Bankruptcy Court's jurisdiction, but consented to its default judgment as well.

The Second Circuit has emphasized that Stern's holding is "a narrow one." In re Quigley Co., Inc., 676 F.3d 45, 52 (2d Cir. 2012) (citing Stern, 131 S.Ct. at 2620 ("We conclude today that Congress, in one isolated respect, exceeded [Article III's] limitation in the Bankruptcy Act of 1984."); In re Salander O'Reilly Galleries, 453 B.R. 106, 115 (Bankr. S.D.N.Y. 2011) ("Stern is replete with language emphasizing that the ruling should be limited to the unique circumstances of that case.").

The Second Circuit's opinion in Men's Sportswear, Inc. v. Sasson Jeans, Inc., 834 F.2d 1134 (2d Cir. 1987), though decided long before Stern, is instructive. In Men's Sportswear, the Second Circuit reviewed the appeal of a default judgment "entered by the bankruptcy court after the court struck the defendant's answer as a result of the defendant's misconduct." In re Oldco M Corp., No. 11-CV-01939, 2012 WL 6625324, at *5 (Bankr. S.D.N.Y. December 20, 2012) (citing Men's Sportswear, 834 F.2d at 1134). The defendant in that case asserted that the bankruptcy court lacked the authority to issue a final judgment on a non-core claim. Men's Sportswear, 834 F.2d at 1137. The Second Circuit held that "[W]e need not resolve [the issue whether the claim was core or non-core], for even if the instant action was not a "core" proceeding, 28 U.S.C. § 157(c)(2) empowers the bankruptcy court to enter final judgment in a "non-core" but "related" matter, providing both parties consent to the court's jurisdiction." In re Oldco, 2012 WL 6625324, at *5 (quoting Men's Sportswear, 834 F.2d at 1138). Thus, "the Second Circuit identified the existence of a constitutional right to an Article III tribunal . . . , but nonetheless concluded that implied consent can supply a proper basis for the bankruptcy court to enter a final order or judgment." Id.; See also In re Coudert Bros. LLP, No. 11-CV-2785, 2011

WL 5593147, at *12 (S.D.N.Y. Sept. 23, 2011) ("Therefore, under Stern, some other evidence of express or implied consent must be identified to uphold Judge Drain's exercise of final adjudicative authority.").

A number of courts in this District have held that even an implicit default constitutes consent to Article I final adjudication. In re Oldco, 2012 WL 6625324, at *2 it was stated that "The Court concludes that, by applying the correct analysis to the entry of a default judgment, Stern does not limit the bankruptcy court's authority to enter a default judgment when the defendant has failed to respond to the summons and complaint." Therefore, express consent to a default judgment by the Bankruptcy Court, as in the instant case, constitutes consent to the Bankruptcy Court's authority.

The Appellant insists that he did not actually intend to consent to the Bankruptcy Court's default judgment or authority, and that his attorneys misrepresented his intentions in that regard Court. The Appellant also raised this issue in his motion to vacate. Judge Grossman conducted a thorough investigation into this factual dispute and concluded that Rijo had intended to default. In re Rijo, No. 09-CV-8559, 2012 WL 1309630, at *6 (Bankr. E.D.N.Y. April 16, 2012) ("The Court finds that the Debtor's default in this matter was knowing and deliberate and he cannot and should not be relieved from the consequences of such default."). Judge Grossman based his conclusion on testimony from Rijo and his counsel during an evidentiary hearing held on September 27, 2011, namely, that Rijo had told his counsel that he wished to default, but, according to Rijo, only because his counsel led to him believe he could not afford to further litigate the issue. Id. ("Essentially, the Debtor's position is that he did not want to default in this litigation, but he felt he had no other choice because his counsel advised him it would be a difficult fight that would cost money that he did not have."). Regardless of whether Rijo's

7

decision was a tactically prudent one or made based on sound advice, the Bankruptcy Court concluded that Rijo intended to consent to the Bankruptcy Court's default judgment. This Court holds that this factual conclusion easily passes the "clearly erroneous" threshold.

The Appellant further argues that he could not have consented to the Bankruptcy Court's authority because, prior to the Supreme Court's ruling in Stern, the Appellant was unaware that he had a right to Article III adjudication. Some Courts in this District have indeed held that failure to raise an objection to Article I adjudication prior to Stern's ruling on Article III rights does not constitute implied consent to Article I adjudication. In re Coudert, 2011 WL 5593147, at *12 ("Following Stern, it is doubtful whether mere participation in litigation is enough to imply consent."); Development Specialists, 462 B.R. at 472 ("Such a failure to protest should not therefore count against the client when the Supreme Court changes the basis for applying the withdrawal analysis, whether the issue is "timeliness" or consent to Bankruptcy Court final adjudication.").

However, the above rulings involve implied consent based on participation in litigation or failure to raise the issue at an earlier time. In the instant case, the Appellant expressly consented, not merely to the Bankruptcy Court's adjudicative authority, but to the Bankruptcy Court's final judgment itself. Were this Court to adopt the Appellant's reasoning, no party prior to Stern could have ever possibly consented to Article I adjudication. This approach is clearly inconsistent with Stern itself. Stern, 131 S.Ct. at 2607 ("We agree with Vickie that Pierce not only could but did consent to the Bankruptcy Court's resolution of his defamation claim.").

Accordingly, this Court holds that the Bankruptcy Court did possess the adjudicative authority to issue a sum certain default judgment and this ground for the present appeal is denied.

8

**C. As to Alleged Mistakes of Fact or Law**

The Appellant also asserted in his motion to vacate the June 11, 2010 Order that the Bankruptcy Court made a number of errors of fact and law. Rijo now appeals from the Bankruptcy Court's April 16, 2012 denial of its motion to vacate, and asserts that the Bankruptcy Court abused its discretion in not finding sufficient cause to vacate its prior Order. Among the alleged errors of law in the June 11, 2010 order is the subject of the second presented question on appeal, namely, whether the Court erred in entering a sum certain default judgment without an inquest.

Although the Appellant formulated his motion to vacate entirely as a motion under Rule 60(b)(6), as the Bankruptcy Court correctly noted, "[t]o the extent the Debtor argues that the Court should vacate the Default Judgment because of this Court's mistake of law or fact, the Motion to Reconsider should be analyzed under Rule 60(b)(1)." In re Rijo, 2012 WL 1309630, at *4 (citing Gey Assocs. Gen. P'ship v. 310 Assocs., 346 F.3d 31, 34-35 (2d Cir. 2003)). Relief under Rule 60(b) is "invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

Rijo did not file his motion to vacate until nearly a year after the time to appeal had expired. In this Circuit, Rule 60(b)(1) motions based on mistakes of fact or law must be made within the time limit to appeal. 310 Associates, 346 F.3d at 34 (extending the holding that Rule 60(b) motions must be made within the time limit to appeal when based on mistake of law to apply to mistakes of fact as well); DeSena v. Pavel, 289 Fed. Appx. 426, 429 (2d Cir. 2008) ("Under the law of this circuit, a district court may consider a Rule 60(b)(1) motion for relief from judicial error, so long as that motion is made within the time allowed for appeal from the judgment.") (citing Int'l Controls Corp. v. Vesco, 556 F.2d 665, 669 (2d Cir. 1977)); Manney v.

Intergroove Tontrager Vertriebs GMBH, No. 10-CV-4493, 2012 WL 4483092, at *2 (E.D.N.Y. Sep. 28, 2012) ("Although Rule 60(b)(1) is available for a district court to correct legal errors by the court, a motion seeking relief under Rule 60(b)(1) is not permitted past the deadline for filing a notice of appeal.") (quotations and citations omitted).

The Appellant cannot simply use a Rule 60(b) motion as an end run around the time limits to appeal. Massop v. U.S. Postal Service, No. 11-CV-4816, 2012 WL 3711377, at *1 (2d Cir. 2012) ("A Rule 60(b) motion may not be used 'as a substitute for an appeal [a party] failed to take in a timely fashion.'") (quoting Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012)); Simone v. Prudential Ins. Co. of America, 164 Fed. Appx. 39, 40 (2d Cir. 2006) ("Moreover, Rule 60(b) 'may not be used as a substitute for a timely appeal.'") (quoting Nemaizer, 793 F.2d at 61); Pasquino v. Lev Parkview Developers, LLC, No. 09-CV-4255, 2011 WL 4502205, at *5 (S.D.N.Y. Sep. 29, 2011) ("'This additional time restriction has been imposed to prevent [ ] Rule 60(b)(1) from becoming a way to assert an otherwise time-barred appeal.'") (quoting Chiulli v. Internal Revenue Serv., No. 03-CV-6670, 2006 WL 3008084, at *2 (S.D.N.Y. Oct. 20, 2006)); Martin v. Chemical Bank, 940 F.Supp. 56, 59 (S.D.N.Y. 1996) ("Rule 60(b) is no substitute for an appeal.").

Accordingly, the Bankruptcy Court did not abuse its discretion when it denied the Appellant's motion to reconsider on the basis of a mistake of fact or law under Rule 60(b)(1).

## D. As to Alleged Ineffective Assistance of Counsel

Next, the Appellant asserts that the Bankruptcy Court did not give sufficient weight to his claims that his consent to the default judgment should be vacated due to ineffective assistance of counsel.

Rule 60(b)(6) states that the Court may "reopen a case 'for any other reason that justifies relief' provided that the plaintiff demonstrates 'extraordinary circumstances or extreme and undue hardship.'" Rowe Entertainment v. William Morris Agency Inc., No. 98-CV-8272, 2012 WL 5464611, at *2 (S.D.N.Y. Nov. 8, 2012) (quoting Dow Jones & Co., Inc. v. WSJ Inc., No. 97-CV-7690, 1998 WL 2370, at *2 (2d Cir.1998)). With regard to alleged ineffective assistance of counsel under Rule 60(b), "[t]he catch-all provision does not permit relief to a client whose counsel has shown gross negligence absent a showing of exceptional circumstances, such as a mental disorder, or to a party who has made deliberate tactical decisions that do not stem from such a mental disorder." D'Angelo v. State Farm Fire & Cas. Co., 32 Fed.Appx. 604, 605 (2d Cir. 2002). Furthermore, "[a]n attorney's misconduct only rises to the level contemplated by Rule 60(b)(6) in cases of 'constructive disappearance' or a similar inability to provide adequate representation" Id. (citing United States v. Cirami, 563 F.2d 26 (2d Cir.1977); Nurani v. Marissa by GHR Industries, 151 F.R.D. 32 (S.D.N.Y.1993)); Cordero v. U.S., No. 09-CV-4388, 2012 WL 5431005, at *7 (S.D.N.Y. Nov. 5, 2012) ("For circumstances to be "extraordinary" for purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance or constructive disappearance.") (citing Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004))

Based upon the factual conclusions of the Bankruptcy Court, Rijo essentially asked the Bankruptcy Court, and has subsequently asked this Court, to relieve him of the consequences of a poor tactical decision he made based upon allegedly poor advice. This, the Bankruptcy Court correctly concluded, it could not do. See Tolkin v. Pergament, No. 11-CV-3467, 2012 WL 1132475, at *9 (E.D.N.Y. Mar. 31, 2012 ("'The broad power granted by Rule 60(b)(6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made.'")

11

(quoting AL & LP Realty Co., 164 B.R. 231, 234 (Bankr. S.D.N.Y. 1994)). Simple bad advice or negligence does not constitute "ineffective assistance of counsel" under Rule 60(b). Prince of Peace Enterprises, Inc. v. Top Quality Food Market, LLC, No. 07-CV-0349, 2012 WL 4471267, at *6 (S.D.N.Y. Sep. 21, 2012) ("[A]n attorney's negligence alone is not a basis for relief under Rule 60(b)(6)") (citing United States v. Cirami, 535 F.2d 736, 739-41 (2d Cir. 1976); Aalmuhammed v. Kesten, No. 98-CV-171, 2003 WL 118512, at *5 (S.D.N.Y. Jan. 14, 2003) ("Generally, the conduct of an attorney is imputed to his client, for allowing a party to evade the consequences of the acts or omissions of his freely selected agent would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent."); Guishan, Inc. v. Arici, 635 F.Supp.2d 187, 192 (E.D.N.Y. 2009) ("'A conscious tactical decision does not fall within the meaning of neglect or inadvertence of counsel, and does not warrant Rule 60(b) relief.'") (quoting United States v. Kirksey, 631 F.Supp. 165, 168 (S.D.N.Y. 1986)).

The Appellant provides no indication that any action on the part of his counsel, Macco & Stern, would qualify as "constructive abandonment" or any other behavior that would meet the extraordinarily high circumstances set by the Second Circuit. Based on the factual conclusions of the Bankruptcy Court, Rijo was far more absent from his litigation than his counsel was. Macco & Stern continued to appear and file motions on his behalf even though Rijo repeatedly failed to appear for depositions and court hearings.

Accordingly, the Bankruptcy Court did not abuse its discretion when it denied the Appellant's motion to reconsider on the basis of ineffective assistance of counsel under Rule 60(b)(6).

### E. As to Alleged Meritorious Defenses

Finally, the Appellant argued in his motion to vacate that he should be permitted to assert the allegedly meritorious defenses that allowed his business partner DiMarco to triumph over Chase in his separate bankruptcy proceeding. As noted above, Rijo knowingly defaulted and consented to the Bankruptcy Court's default judgment. Rijo beleived that he could not win or afford to fight his legal battle against Chase. That DiMarco succeeded, where Rijo did not believe he could, does not obligate this Court to free Rijo from the consequences of his poor tactical choices. First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc., No. 10-CV-696, 2012 WL 6617361, at *4 (E.D.N.Y. Dec. 19, 2012) ("Most critically, it is well-settled that Rule 60(b)(6) is not a mechanism to undo the consequences of a party's deliberate litigation strategy.") (citing Ackermann v. United States, 340 U.S. 193, 198, 71 S. Ct. 209, 95 L. Ed. 207 (1950) (ruling that strategic decisions made during course of litigation, that upon reconsideration appear to be erroneous, do not provide basis for relief under Rule 60(b))); U.S. v. Coppola, 104 F.3d 354, 354 (2d Cir. 1996) ("Rule 60(b)(1) does not afford relief for deliberate, tactical decisions of a party.") (citing Nemaizer, 793 F.2d at 59-60).

Accordingly, the Bankruptcy Court did not abuse its discretion when it denied the Appellant's motion to reconsider on the basis of alleged meritorious defenses under Rule 60(b)(6).

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the court affirms the decision of the Bankruptcy Court denying the Appellant's Rule 60(b) motion; and it is further

**ORDERED**, that the Clerk of the Court is respectfully directed to mark the case as closed.

**SO ORDERED**.

Dated: Central Islip, New York
January 15, 2012

_____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge